Requestor: Thomas R. Emnett, Esq., County Attorney County of Tioga County Office Building 56 Main Street Owego, N.Y. 13827
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether an individual may serve as coroner and also hold a full-time position as dispatcher in the sheriff's department and the part-time position of corrections officer.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
Section 671 of the County Law defines the duties of a coroner or medical examiner. The coroner is required to "make inquiry into all deaths whether natural or unnatural in his county occurring to an inmate of a correctional facility". County Law § 671(1)(b). In our view, this duty renders the positions of coroner and part-time corrections officer incompatible. The coroner may not be able impartially to investigate a death occurring in a correctional facility by reason of his employment as a corrections officer. His effectiveness would be limited by his friendship and association with other corrections officers and allegiance to his employer. At least an appearance of impropriety would result should the coroner conduct an investigation of a death occurring in a correctional facility.
We conclude that the positions of coroner and part-time corrections officer are incompatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.